Ms. Sun. Thank you, Your Honor. I would like to reserve two minutes for rebuttal, and I want to begin with the first issue we raised, which has to do with the jury instruction, the inadequacy, we say, of the jury instruction on in furtherance of. I do believe that the record shows Mr. Alston adequately preserved an objection, and there's one citation I didn't give or really misquoted in, and that is that Excerpt Volume 4, Excerpt of Record 495 and 496. That is at the time of the final jury instructions conference before instructing the jury. So that was at the time of trial, just before instruction, and counsel, defense counsel, mentioned the instruction for in furtherance of by number, which it's number two, and the court said yes, understood, and didn't change its ruling. Don't we have precedent that sort of makes this argument a difficult one? No, I don't think so. It was in, I looked it up, it was 2004 in United States v. Krauss, which I think we cite, I think the government may also cite it, in which this court first defined in furtherance of and first recognized, so this is 20 years, recognized that the subjective intent... At least two of us were judges at that time, so be careful when you suggest how old and ancient that was. Your Honor, I'm with you. I'm totally with you on that. For me, 20 years isn't that long ago, but for a lot of people it sounds like a lot of time, and that is when this court first recognized that subjective intent with respect to the possession of the firearm bears on whether it's in furtherance of, and since then, even cases that the government cites, and these are different kinds of cases, talk about how the intent of the defendant in possessing the firearm bears on in furtherance of. Now, what we've never had... What do we do with Lopez, though? I mean, I understand why you might want that instruction, but the question is whether it was an error, and the district court doesn't err when it rejects a proposed instruction. Your Honor, that sentence was in the commentary to the instruction 1423, even before it was changed, and I have three comments on it. First of all, Lopez's own understanding of the meaning of in furtherance of is subjective intent to promote or forward or facilitate the offense. It is in agreement with Krauss and all the other cases that have talked about what in furtherance of means. Secondly, if you look at that whole paragraph, it seems to me that the committee is really defining cases in which the instruction might not be warranted. That is the promote and forward the offense. First of all, Lopez was there on plain error, and the court said that the lack of the definition there actually benefited him. And so while the commentary quotes that sentence, when you look at the whole context of it in Lopez, that was an atypical situation, or a situation at least not like the one we have here. The defendant really didn't want, didn't ask for an instruction below. What we've got here is a defendant who made clear that this was his defense. Whether he possessed the firearm in that little backpack on his back. So I agree with all of that. We have, we don't have the whole question of forfeiture and that whole issue that you might have had in Lopez. But the bottom line that remains the same, doesn't it, and that is whether there was an error in not giving it. And it's not clear to me what kind of an opinion we could write to say, well, that's what Lopez said, but we're now seeing it differently. Well, in Irons, which was decided in 2022, this court decided that the defendant had to... And we were all still alive. Yeah. Okay. Yeah, the court decided there ought to be a new trial because the one issue was whether the defendant possessed that firearm in furtherance of. There might have been other reasons he had it and they said there ought to be a new trial. So the whole point, I think we both say, and it was probably my fault for pointing out the new 1423, but I just wanted the court to know just like a month or so before, I think, this court had it in mind to add it to the guidance it gives in the form of a model instruction. It added it to the guidance. This court that does that, we don't adopt or approve. And we have case law that acknowledges that that's not binding on this court or the argument. I understand the argument you're trying to make. I understand why a defendant would like to have that version, but I think I still have the same concern. Judge McEwen has identified that this court's precedent, which does bind us, doesn't really seem to open the door to the argument that I think you're trying to make. Well, this was his theory of defense. And there is a lot of case law also on the theory of defense when there's evidence that supports it and there is evidence that supports it. And in my time remaining, I just want to point out what that was, unless the court feels it knows what that is. There was a pattern of the kind of drug dealing my client was doing that day. Officer testified that he saw him sort of walking up and down a block with many down and out people on it, quickly handing drugs and quickly getting cash. I mean, this is not a sufficiency challenge, right? You had the opportunity to argue these points for the jury. I think that without the instruction, this argument could not have been as well made. And I'll tell you why. The government says in its brief, oh, and one factual point I want to make. The government suggests that my client was carrying his little backpack by one arm. In fact, he was carrying it on his back, truly on his back. And there are a couple of citations, record citations about that, that I just wanted to mention. Volume two, page 101, where that officer concedes that there's a picture showing that he had it on his back. And volume four, excerpt of record 412, where the officer who actually handled Mr. Alston says that that's what it was. That's what the situation was. Okay. So, it is that he said these things, and as he said, he needed a hook. He needed an instructional hook. The government has been able to say in its brief that the cross-examination council did of officers about people who have guns for hunting, how they store or carry those, or somebody who's in a first responder situation, how he carries his gun, and how a holster is the best thing for that, for that exigency. That's all subjective, and the government could say that's irrelevant. But it is bearing, it does bear on the exercise of what is the subjective intent of the person holding the firearm. Can I ask you a bit, and we'll give you two minutes for rebuttal, I just want to ask you about your Second Amendment issue. Okay. Why was that not forfeited by not raising it in the pretrial motion? I think that the issue, I've got a timeline here, and I just briefly want to say that the time we focus on is June 23rd, 2022, which is when Bruin was decided. By this time, this case had already been pending about a year, so there's no dispute that my client had no reason. No, trial hadn't started yet, and then trial started in July and was aborted by somebody in the courtroom having tested positive for COVID. So it started again. Why couldn't you have brought this argument after Bruin was decided in the month that you had? I'm not saying he couldn't. There's another reason I think it wasn't good cause to say that he's given up that argument. Two months after Bruin, this court had one of those licensing scheme cases, Young versus Hawaii, before it. And at that time, it simply remanded for further proceedings. And of course, Vonce had been lost since 2010 and hadn't been overruled yet. So Duarte tells us that good cause has to do with whether you have a reason to challenge. And because Vonce is still law, I don't believe that counsel should have been held to that. Also, he was his third lawyer. He got the case about a month before trial was supposed to start. And I just think that that also bears in this case on whether good cause existed. We'll put two minutes on the clock for rebuttal. Thank you. Good morning, Your Honors. Jonas Lerman for the United States. I will start with the jury instruction claim. This court rejected the same exact claim 17 years ago in Lopez that the defendant raised here in the trial level. So at trial, his argument was that the model instruction in place at the time was inadequate because it did not define in furtherance of. So there was a great risk that the jury would convict based on mere possession. You can find that at SCR 213, SCR 121. That was the argument, mere possession. It was not about intent. It was that there's too big of a risk of mere possession. That's the same claim that this court rejected in Lopez. And this court said in Lopez that the in furtherance element itself by itself, quote, clearly delineated between mere possession and possession in furtherance. The court went on to say that the instruction given there, which is the same as the instruction given here, eliminated the possibility, eliminated the possibility that a rational would equate mere possession of a firearm with possession of a firearm in furtherance of a drug crime. And then two years ago in Irons, the court reached the same conclusion. The only error that the court found there was that the district court had given an erroneous supplemental instruction in response to a jury question during deliberations. The supplemental instruction was the basis for a new trial. The original instruction, which did not define in furtherance of, the court said there was no problem with that instruction and any claim to the contrary could be readily rejected. So Irons and Lopez are the binding authority on this question. The district court cannot have abused its discretion, which is the standard that the defense invokes here, let alone plainly erred by following this court's binding precedent. If the court has other questions on the jury instruction issue, I can address them, but otherwise I'll turn to the second amendment. So on the second amendment claim, there are two don't need to wade into the Bruin, you know, history and tradition analysis here. The first, as Judge Bress has already alluded to, is that the claim is waived. It is waived for the same reasons that this court one month ago found that a nearly identical claim was waived, and that's in Jones. We filed a 28-J letter on June 13th about that. And that's non-precedential. It is not precedential, but it's highly persuasive authority from a month ago. I would also note that the claim was the same. In fact, the appellant in that case is also represented by my friend on the other side here. If you compare the opening briefs in those two cases, the arguments against waiver are the same. The arguments for good cause are the same. And the rationale of Jones applies with even greater force here. There, the defendant went to trial 18 days after Bruin had been decided. And this court said that Bruin gave him the tools he needed to argue that the second amendment was unconstitutional, or sorry, that the 922G1 was unconstitutional as applied to him, and that Bruin gave him the tools to argue that Vonce was no longer good law. So that was 18 days. Here we have 46 days between when Bruin was decided and when Mr. Alston's trial began. So he had a month and a half. It might be somewhat persuasive, but I also think Ms. Sun made a legitimate argument. We have Vonce from 2010. We have a situation here where it's a pure question of law, which I think we would review de novo. So I'm not sure that there's any reason that we necessarily should follow the rationale of Jones, where it's not clear to me they really even considered this in the same way that we're considering it in the same posture. You know, I watched the oral argument video of it, and this was a major topic of discussion, as I recall, this waiver question. And, you know, that was the basis that they rested their decision on. It would be curious to reach the opposite conclusion here, where, again, the delay's more than twice as long as the delay there. There's no claim that, you know, Mr. Alston's counsel wasn't aware of Bruin. You know, I think I would submit to the court that everybody who practices federal criminal law immediately was aware of Bruin. Even before Bruin, I mean, plenty of defendants nationwide were challenging, you know, 922G1 and other 922G provisions on Second Amendment grounds. But even if you disagree with us on the waiver point, there's a second threshold reason that you don't need to do the history and tradition analysis here, and that's that even if the claim is not waived, the Second Amendment protects only law-abiding people who bear arms for a lawful purpose. And the lawful purpose identified in Heller and Bruin is, of course, self-defense in the home in Heller and in public in Bruin. That's not Alston. He cannot get past Bruin's first step because he carried his revolver while committing what the district court found was a felony theft. That was a finding at sentencing that the defense is not challenging. That triggered a four-level guidelines enhancement. And he possessed his pistol while dealing fentanyl just a few blocks from here. These are not activities protected by the Second Amendment, not under any reasonable reading of Heller or Bruin or Rahimi or even this court's decision in Duarte. You know, if you compare him to the challengers in those cases, he's nothing like them. You know, he's not like the D.C. police officer in Heller who wanted to have a gun at home. He is not like, you know, the law-abiding citizens in Bruin who wanted to carry their guns in public for lawful self-protection. He's not even like the defendant in Duarte who possessed a gun while riding as a passenger in a car. So those are two threshold reasons you don't even need to get into the full Bruin analysis here. But this court does, you should affirm for all the reasons we set out in our briefs and our many 28J letters. I'm happy to address those points if the court has questions. But otherwise, we would ask that you affirm. Thank you. Thank you. What we have here is a defendant who said his theory of defense, leaving aside all the case about what in furtherance of instructions means. The standard for giving a theory of defense instruction is if there's evidence to support it and it's a correct statement of the law. Both things, which were aspects of the instruction that my client asked for. Let's leave aside, well, let's not leave aside Irons. I think what Irons involved was a case in which the defendant asked for an instruction but conceded that language that didn't have what he wanted could be given. And then when the jury wanted clarification, stood on the idea that there should be no instruction given. It's not as though he said, and that was why he could not raise the issue. Or if it was, it was plain air. The issue of whether the promote and forward the defense purpose language is a proper instruction. There's no doubt that when a defendant says, my theory of the case is that I did not possess this firearm to promote or facilitate an offense, a drug offense. When he says that's my defense and I would like an instruction that says that and it's consistent with the law, then I believe it is an abuse of discretion for the district court not to give it because it is an inadequate statement of the law. On the 922 G1, just to move to that briefly, are there any material distinctions between what happened here and what happened in Jones, recognizing that Jones is not binding? Both, well, both, I am filing a petition for rehearing in Jones and I did get an extension of the deadline that will be in a couple of weeks. The answer is these are both defendants who have, whose lawyers did not, and both of them changed lawyers fairly frequently during the pendency of their cases, with the result that the trial lawyers did not really get or the the lawyers who tried the cases, because both were trials, did not get the case until much before and passed the deadlines for filing. That's a good cause argument, is a switch in counsel? No, I think it contributes to whether there would be good cause because Rule 12 tells us that good cause has to do with both, well, Rule 12 talks about both whether an argument is reasonably available and we would say that it was not here, but also I think there has to be some consideration of whether counsel is more concerned with preparing for trial in the immediate run, just that's what I used to do, that's what I actually really like to do, so trying cases is hard and preserving issues like that is, should take that into account. The last thing I want to say is that I was at the oral argument, and Mr. Lerman will remember, there was a discussion about how the motion could have been filed after the conviction, but Rule 12 says you've got to file it before trial starts, and so I don't think that made it into the opinion, but I know that that was sort of in their minds, and I just think that that is something that deserves another look, and I just ask you not to rely on Jones. Thank you. Thank you. We thank both counsel for the helpful briefing argument. This matter is submitted.
judges: McKEOWN, CLIFTON, BRESS